RUTLAND PROVISION CO. *vs.* GEORGE W. HALL, JR.

October Term, 1898.

Present: ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed January 26, 1899.

*Check—Holder for Value.*—One who receives from his debtor, and credits upon account, the accommodation check of a third person, but afterwards, when it has gone to protest, charges it back to his debtor, is still a *bona-fide* holder for value, and may recover against the drawer.

ASSUMPSIT. General issue. Trial by jury at the May term, 1898, Windsor county, *Ross,* C. J., presiding. Verdict ordered and judgment thereon for the plaintiff. The defendant excepted.

The plaintiff rested after introducing the check and certificate of protest, which were admitted against the defendant's exception. Whereupon the defendant, against the plaintiff's exception, made proof of the other facts stated in the opinion.

*F. C. Davis* and *G. A. Davis* for the defendant.

*Stickney & Sargent* for the plaintiff.

ROWELL, J. Barney, being indebted to the plaintiff for goods sold and delivered, sent to it his two checks on account thereof, which were received and credited but went to protest, whereupon they were charged back, with the protest fees, as the plaintiff's custom was in such cases. Thereupon Barney obtained the defendant's accommodation check, payable to the plaintiff, and sent it for the same purpose, and it was received and credited and Barney's checks returned; but that check went to protest also, and was charged back like the others, leaving the account still unpaid. The plaintiff, however, retained the check and brings this suit upon it, and the question is whether it is a holder for value, so it can recover.

It does not appear whether the check is negotiable or not; but if it must be in order to sustain the judgment, we must presume that it is. The plaintiff did not take the check to collect for Barney and as his agent. If it had, its title would have been no better than his. But it was a party thereto, and took it on account of its debt, of which it was, in the circumstances, a conditional payment, the condition being that the debt would revive if the check was not paid on seasonable presentment. This is obviously the effect intended by both parties to the transaction. The check was sent and received as money's worth, and justice requires that it should be as truly the property of the plaintiff as would have been the money that it represents had it been paid. *Torrey* v. *Baxter*, 13 Vt. 452; *Collamer* v. *Langdon*, 29 Vt. 32, 42. And the plaintiff has a right to retain the check till his debt is paid. *Poirier* v. *Morris*, 2 El. & B. 89.

The English rule is, that when a negotiable security, whether a bill of exchange or a note payable at a future day, or a check or a note payable on demand, is given on account of a pre-existing debt, the creditor taking the same

*bona fide* becomes a *bona-fide* holder for value.  *Currie* v. *Misa*, L. R. 10 Ex. 153: 4 Eng. Rul. Cas. 316, and notes. This case was taken by appeal from the Exchequer Chamber to the House of Lords—L. R. 1 App. Cas. 554—where the judgment was affirmed on another ground, but one not affecting the soundness of the ground adopted by the court below, which was expressly affirmed in *McLean* v. *Clydesdale Banking Co.*, a Scotch appeal, L. R. 9 App. Cas. 95, in which the question arose out of a check drawn by McLean on the Bank of Scotland.  The check had been paid into the Clydesdale· Bank by Cotton, one of its customers, whose account was at debit, and immediately credited by the bank to his account in reduction of the debt.  Before the check could be cleared and transmitted to the Bank of Scotland, McLean stopped it, so that, in the usual course, the latter bank refused payment and returned it to the Clydesdale Bank to "refer to drawer."  The Clydesdale Bank having sued McLean on the check, he pleaded fraud in the original transaction, and the bank replied that it was a holder for value, and the House of Lords so decided.

The rule is the same in this country by a great weight of authority, including that of the Supreme Court of the United States.  See American note to *Currie* v. *Misa*, 4 Eng. Rul. Cas. 330.  A very full and satisfactory discussion of this question will be found in *Railroad Co.* v. *National Bank*, 102 U. S. 14, especially in the opinion of Mr. Justice *Clifford*.

*Judgment affirmed.*